Heard April Term, 1879.

CASE No. 726.

ISAAC GRANT v. HANNAH GRANT.

The act of 1878, repealing all divorce laws in South Carolina, deprived the courts of this state of jurisdiction of actions for divorce *a vinculo matrimonii,* even though pending at the passage of the act.

Before THOMSON, J., at Kershaw, February, 1879.

This was an action for divorce from the bonds of matrimony,

upon the ground of defendant's adultery. It was commenced December 12th, 1878, eight days before the approval of the act of December 20th, 1878, (16 *Stat.* 719), repealing all laws of this state relating to the granting of divorces. The defendant failed to appear or answer. The parties were married January 4th, 1869. His Honor the Circuit judge dismissed the action, holding that the court could not hear testimony or render judgment under a repealed statute. The plaintiff appealed.

*Mr. D. A. Straker,* for appellant.

April 25th, 1879. The opinion of the court was delivered by

WILLARD, C. J. This action was for a divorce *a vinculo,* on the ground of adultery. The complaint was dismissed on the ground that no such remedy existed by the laws of this state. The constitution (Article IV., Section 15,) declares " that the Courts of Common Pleas shall have exclusive jurisdiction in all cases of divorce." By the act of 1872 (15 *Stat.* 30,) a divorce from the bonds of matrimony was allowed on the ground of adultery, but that act was repealed by the act of 1878. 16 *Stat.* 719. It is contended, however, that the statute of 1878 is void, as tending to impair the obligation of the marriage contract alleged in the complaint, and, also, that the remedy in question is completely granted by the constitutional provision already recited. The marriage was solemnized in 1869, prior to the statute which has been thus repealed, and by such repeal the law now stands in the same position in which it stood at the time of the contracting of the marriage, so that if the general proposition advanced as to the effect of the constitutional inhibition of laws tending to impair the obligation of contracts was sound, still it would be inapplicable to the present case. The general proposition cannot, however, be maintained, as the constitution has regard to questions of property and not of matrimonial status. As this proposition is inapplicable it need not be developed in the present case. As it regards the second proposition, namely, that the remedy exists in an available form under the constitution apart from all legislation on the subject, it must be borne in mind that prior to the adoption of the constitution no such remedy existed

in this state. *Mattison* v. *Mattison*, 1 *Strob.* 387. It was argued that the inference from the authorities is that the defect was one of jurisdiction alone and not of legal right, notwithstanding the fact that no court had been rendered competent to entertain such a remedy ; that as the abstract right to have such a remedy existed by law, such remedy could be had at the moment such a jurisdiction was called into existence, and that such competency was created in the Court of Common Pleas by the constitution. It is clear that *Mattison* v. *Mattison* will not bear the construction thus sought to be put upon it, but must be regarded as determining that such a remedy was excluded by the policy of the law. It was held by this court in *State* v. *County Treasurer*, 4 *S. C.* 524, that a mere grant of judicial power in the constitution did not remove from the legislature authority to determine to what class of cases such judicial power should extend. *State* v. *Gaillard*, 11 *S. C.* 309. No remedy is complete without a definition of the cases to which it shall extend, and the constitution is wholly silent on this subject. There is, therefore, nothing in the constitution tending to deprive the legislature of full power of granting or withholding such remedy which the legislature primarily possesses. The act of 1872 was an exercise of this power, and its repeal in 1878 an equally effective exercise of the power of withholding such remedy. But Article XIV., Section 5, of the constitution sets this question at rest. That section provides " that divorces shall not be allowed but by the judgment of a court, as shall be prescribed by law." In the absence of a law authorizing such a judgment none can be pronounced having the effect allowed by this section.

The appeal must be dismissed.

Appeal dismissed.

McIVER, A. J., and HASKELL, A. J., concurred.